UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN M. KREPLIN,<br><br> Plaintiff,<br><br>v.<br><br>FMA ALLIANCE, LTD.,<br><br> Defendant. | Case No. 1:20-cv-07052 |

**COMPLAINT**

**NOW COMES** Plaintiff, DAWN M. KREPLIN, through undersigned counsel, complaining of Defendant, FMA ALLIANCE, LTD., as follows:

**NATURE OF THE ACTION**

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. DAWN M. KREPLIN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 24940 West 103rd Street, Naperville, Illinois 60564.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. FMA ALLIANCE, LTD. ("Defendant") is a corporation organized and existing under the laws of the state of Texas.

1

7. Defendant has its principal place of business at 12339 Cutten Road, Houston, Texas 77066.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for a U.S. Bank N.A. credit card.

11. Upon approval, U.S. Bank, N.A. issued Plaintiff an account bearing an account number ending in 3431.

12. Plaintiff activated this card and began using her card for personal and household purchases.

13. Over time, Plaintiff made $3,130.98 in charges to this card.

14. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $3,190.98 balance was charged-off and referred for collection.

15. Defendant mailed Plaintiff a letter, dated August 10, 2020 (the "Letter"), which stated:

| ACCOUNT INFORMATION | |
|---|---|
| Personal & Confidential  08/10/2020 | |
| Creditor: | U.S. Bank National Association |
| Account #: | XXXXXXXXXXXX3431 |
| File #: | 40734019 |
| Total Balance Due: | $3,130.98 |

---

[1] FMA Alliance, Ltd. (FMA) is a privately-owned receivables management company originally formed in 1983 and headquartered in Houston, Texas. https://www.fmaalliance.com/about (last accessed November 26, 2020).

**FMA Alliance, Ltd.**
**12339 Cutten Road, Houston, TX 77066**
**888-327-9279**
**Hours of Operation: Mon-Thurs 8 am – 8 pm, Fri 8 am – 5 pm, Sat 8 am to 12 noon CST**
**\*\*\*\*SETTLEMENT OFFER\*\*\*\***

**Our client has qualified you for a SIGNIFICANT SAVINGS OPPORTUNITY.**
**\*\*\*We can save you $1,565.48 on your outstanding balance\*\*\***

Dear DAWN M KREPLIN:

Our client will accept $1,565.50 to settle this obligation. You choose how you want to take advantage of this settlement offer.

1. You can make your check payable to FMA Alliance, Ltd. and send your payment of $1,565.50 in the envelope provided.
2. You can log on to www.PayFma.com using the information below; OR
3. You can call us at 888-327-9279 to discuss other options.

To take advantage of this settlement offer, you will need to have the payment in FMA's office no later than thirty (30) days from the date printed above. Should you fail to complete the arrangement proposed under this option, this offer may be cancelled, and any payments made will be applied to the balance shown above. We are not obligated to renew this offer. In the event you are unable to complete the arrangement, please contact our office for additional payment options which could include a new settlement offer.

Notice About Electronic Check Conversion: When you provide a check as payment, you authorize us to either use information from your check to make a one-time electronic fund transfer from your account to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution.

**This has been sent to you by a debt collector.**
**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letter stated: "When you provide a check as payment … funds may be withdrawn from your account as soon as the same day we receipt your payment."

18. The Letter doesn't take into account postdated payment instruments.

19. In other words, the Letter infers that Defendant will bring about electronic fund transfers *as soon as* payments have been received – irrespective of whether checks have been postdated.

20. Generally speaking, banks and credit unions don't have to wait until the date you put on a check to cash it.

21. However, debt collectors are expressly prohibited from "[d]epositing or ***threatening*** to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument." *See* 15 U.S.C. § 1692f(4).

## DAMAGES

22. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

23. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); *see also O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

24. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

25. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

26. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S.

Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

27. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

29. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. As stated, debt collectors are expressly prohibited from "[d]epositing or *threatening* to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument." *See* 15 U.S.C. § 1692f(4).

31. It seems clear, then, that Defendant violated 15 U.S.C. §§ 1692e(5) and e(10) by threatening to bring about electronic fund transfers *as soon as* consumers' payments have been

received – irrespective of whether checks have been postdated; as they're expressly prohibited to do so.

## Violation of 15 U.S.C. § 1692f

32. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

34. It is critical that electronic payments are actually processed according to consumers' authorization.

35. This means debt collectors must process payments in the amount and on the day they say they will do so – not a day too soon and not a day too late.

36. It seems clear, then, that Defendant violated 15 U.S.C. § 1692f(4) by threatening to bring about electronic fund transfers *as soon as* consumers' payments have been received – irrespective of whether checks have been postdated; as they're expressly prohibited to do so.

37. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)
    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 30, 2020            Respectfully submitted,

**DAWN M. KREPLIN**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com